IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**GREGORY C. KAPORDELIS,**
**# 63122-053,**

**Petitioner,**

    vs.          Case No. 14-cv-1005-DRH

**JEFFREY S. WALTON,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  Petitioner Gregory Kapordelis is currently incarcerated in the Federal Correctional Institution at Marion, Illinois, which is located in the Southern District of Illinois. He is serving a thirty-five year sentence for child pornography-related crimes. *See United States v. Kapordelis*, No. 04-cr-249 (N.D. Ga. 2004) (Doc. 499) ("criminal case"). Kapordelis filed the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 to challenge his conviction and sentence (Doc. 1). The 226-page petition hinges on a single argument.

  Kapordelis claims that the United States District Court for the Northern District of Georgia lost jurisdiction to entertain his motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, when it failed to rule on a motion to recuse the judges in that proceeding (Doc. 1, p. 4). This oversight, in turn, rendered the § 2255 proceeding defective and the order denying his motion void. Kapordelis seeks a do-over, and he maintains that the "savings clause" under §

2255(e) entitles him to one. He asks this Court to consider, anew, seven of the twenty-three grounds for relief that were identified in his § 2255 proceeding.

Although this appears to be the first time that Kapordelis has filed a § 2241 petition in this District, his argument is not a novel one. It has become the subject of a filing ban in the United States District Court for the Northern District of Georgia and the United States Court of Appeals for the Eleventh Circuit. *See, e.g., Kapordelis v. United States*, No. 12-13456 (11th Cir. June 29, 2012); *see also In re: Gregory C. Kapordelis*, No. 14-12275 (11th Cir. May 22, 2014). In addition, litigation over this issue has spurred Kapordelis' claims of judicial bias against numerous judges who have disagreed with his position, including a magistrate judge, a district judge, and two panels of federal appellate court judges. *See, e.g., United States v. Kapordelis*, No. 04-cr-249 (N.D. Ga. 2004) (Docs. 538, 546); *Kapordelis v. Carnes, et al.*, No. 11-cv-1769 (N.D. Ga. 2011); *Kapordelis v. Carnes, et al.*, No. 12-10956 (11th Cir. 2012). As discussed in more detail below, this Court finds Kapordelis' argument unavailing under § 2241, and the petition shall be **DISMISSED**.

## Background

Kapordelis is a former anesthesiologist and a lieutenant commander in the United States Navy (Doc. 1, p. 7). On April 12, 2004, he was arrested on allegations of molestation of three juveniles in Russia. He was indicted on May 4, 2004, on one count of traveling in foreign commerce with the intent to engage in illicit sexual conduct abroad, in violation of 18 U.S.C. § 2423(b), and one count of

engaging in illicit sexual conduct abroad, in violation of 18 U.S.C. § 2423(c). *See United States v. Kapordelis*, No. 04-cr-249 (N.D. Ga. 2004) ("criminal case") (Doc. 14, criminal case). These charges were eventually dropped.

At the time of his arrest, however, officials seized Kapordelis' home computers and discovered contraband that led to his indictment, under a Fourth Superseding Indictment, and trial on seven counts related to child pornography (Doc. 318, criminal case). A jury returned a guilty verdict on six of these counts on May 24, 2007 (Doc. 457, criminal case). This included three counts of violating 18 U.S.C. § 2251(a) for sexual exploitation of a minor ("Counts 1, 2, and 3"), two counts of 18 U.S.C. § 2252A(a)(2)(A) for receipt of child pornography ("Counts 5 and 6"), and one count of 18 U.S.C. § 2252(a)(5)(B) for possession of child pornography ("Count 7"). *Id.* (Doc. 457, criminal case). On September 19, 2007, Kapordelis was sentenced to a term of thirty-five years of imprisonment[1] and six years of supervised release; he received a $20,000.00 fine (Doc. 499, pp. 4-5, criminal case).

Kapordelis appealed his conviction and sentence in the United States Court of Appeals for the Eleventh Circuit. *United States v. Kapordelis*, No. 07-14499 (11th Cir. 2007). On appeal, he argued that the district court erred by: (1) denying his motion to dismiss Counts 1 and 3 of the Fourth Superseding Indictment; (2) denying his request for a hearing under *Franks v. Delware*, 438

---

[1] This includes a term of imprisonment of 240 months each for Counts 1-3, to run concurrent with each other; 180 months each for Counts 5-6, to run concurrent with each other and consecutive to the sentences for Counts 1-3; and 120 months for Count 7, to run concurrent with the sentences for Counts 5-6 (Doc. 499, p. 2, criminal case).

U.S. 154 (1978), and his motion to suppress evidence under certain search warrants; (3) admitting testimony concerning his solicitation of sex from boys under the age of eighteen while in the Czech Republic under Federal Rule of Evidence 404(b); (4) applying the 2003 United States Sentencing Guidelines ("U.S.S.G.") instead of the 2002 Guidelines in imposing his sentence; (5) finding that one his victims was vulnerable under U.S.S.G. § 3A1.1; (6) double counting the number of images of child pornography that he possessed by imposing both a two-level enhancement for the number of images he possessed under U.S.S.G. § 2G2.4(b)(2) and a 5-level enhancement for having more than 600 images pursuant to U.S.S.G. § 2G2.4(b)(5)(D); (7) impermissibly granting an upward departure; (8) accepting a written victim impact statement during sentencing; and (9) imposing an unreasonable sentence.  In a comprehensive opinion, the Eleventh Circuit addressed each of these claims in detail and ultimately affirmed the district court's decision regarding Kapordelis' conviction and sentence.  *See United States v. Kapordelis*, 569 F.3d 1291, 1298 (11th Cir. 2009), *cert. denied*, January 25, 2010.

Kapordelis filed a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 on January 26, 2011 (Doc. 536, criminal case).  On the same date, he filed a motion seeking recusal of District Judge Charles A. Pannell and Magistrate Judge Gerrilyn G. Brill from the § 2255 proceeding under 28 U.S.C. §§ 144 and 455 (Docs. 538, 546,[2] criminal case).  Before the § 2255 motion was

---

[2] Kapordelis filed a second motion to recuse (Doc. 546) on June 28, 2011, and the first one was deemed to be withdrawn.

decided, Magistrate Judge Brill denied the motion for recusal in a written order that was entered on September 20, 2011, after concluding that Kapordelis' claim of judicial bias arising from allegations of homophobia was unsupported (Doc. 557, criminal case). Kapordelis filed objections to this order, in the form of an "appeal" to District Judge Pannell on October 3, 2011 (Doc. 560, criminal case), and again on October 13, 2011 (Doc. 562, criminal case). In the instant § 2241 petition, Kapordelis claims that these objections were never addressed.

On December 12, 2011, Magistrate Judge Brill issued a report and recommendation to deny the § 2255 motion (Doc. 567, criminal case). District Judge Pannell adopted the report and recommendation three months later on March 6, 2012 (Doc. 574, criminal case). The district court declined to issue a certificate of appealability (Doc. 577, criminal case).

Kapordelis filed a notice of appeal on June 25, 2012 (Doc. 579, criminal case). *See Kapordelis v. United States*, No. 12-13456 (11th Cir. 2012). Among other things, he challenged the order denying relief under § 2255 and the general denial of his motion for recusal under §§ 144 and 455 (Doc. 579, criminal case). The district court denied Kapordelis' request for leave to proceed *in forma pauperis* ("IFP") on appeal as moot, based on its earlier decision to deny a COA (Doc. 585, criminal case). The Eleventh Circuit also declined to issue a COA on January 23, 2013 (Doc. 596, criminal case) and later denied Kapordelis' motions for reconsideration of this decision (597, criminal case). His request for certiorari review by the United States Supreme Court was denied on October 6,

2014 (Doc. 623, criminal case). Kapordelis filed countless motions to reconsider each denial of his request for review of the recusal matter (Docs. 599, 606, 610, 614, 616, criminal case).

### The Habeas Petition

In the instant petition, Kapordelis seeks to upset his federal conviction and sentence by challenging the district court's handling of his motion for recusal in the § 2255 proceeding (Doc. 1). He claims that District Judge Pannell's failure to address the recusal motion deprived the district court of jurisdiction in the § 2255 proceeding. Without jurisdiction, his argument goes, the order denying his § 2255 motion is void.

Kapordelis asks for what he refers to as a "first bite" at a collateral attack on his conviction and sentence. Of the twenty-three grounds originally raised in support of his request for relief under § 2255, Kapordelis now focuses on seven of those grounds (i.e., Grounds 5, 7, 9, 11, 15-16, and 20 in the § 2255 proceeding) (Doc. 1, pp. 2, 25-101). He argues that: (1) the search warrant issued in connection with his criminal case was not supported by probable cause (Doc. 1, pp. 29-40); (2) the jury was prejudiced by a false age-of-consent jury instruction (Doc. 1, pp. 40-59); (3) Kapordelis' sentence was based on private, legal homosexual intercourse in the Czech Republic (Doc. 1, pp. 60-68); (4) the use of testimony from Deno Contos[3] violated Kapordelis' rights under the Fifth and Sixth

---

[3] Deno Contos is Kapordelis' second cousin and testified that Kapordelis drugged, molested, and videotaped him while he was unconscious at the age of sixteen. *See United States v. Kapordelis*, 569 F.3d 1291, 1302-03 (11th Cir. 2009). Contos later discovered the videotapes and kept them a secret, until Kapordelis contacted him in a panic after his arrest approximately twenty years later and specifically

Amendments (Doc. 1, pp. 68-78); (5) Kapordelis' conviction resulted from prosecutorial misconduct in violation of his Fifth and Sixth Amendment rights (Doc. 1, pp. 78-83); (6) the conviction as to Count 7 for possession of child pornography and Counts 5 and 6 for receipt of child pornography violated the Fifth Amendment Double Jeopardy Clause (Doc. 1, pp. 84-88); and (7) Kapordelis' conviction and sentence resulted from the ineffective assistance of counsel on appeal in violation of the Sixth Amendment (Doc. 1, pp. 89-101). Kapordelis now seeks an evidentiary hearing based on the above grounds or "relief" based on documents in evidence thus far (Doc. 1, p. 102).

## Discussion

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as an action brought pursuant to § 2241. After carefully reviewing the operative petition, the Court concludes that Kapordelis is not entitled to relief, and the petition must be dismissed.

As explained by the Seventh Circuit, § 2241 and § 2255 "provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to

---

asked Contos to find and destroy the videotapes. *Id.* at 1303. Contos moved them but did not destroy them. *Id.*

challenges to the validity of convictions and sentences, where [Section] 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000)). *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). In the instant petition, Kapordelis makes it clear that he is attacking the validity of his conviction and sentence. Under the circumstances, it would seem that the only appropriate avenue for relief is § 2255. It also appears as though Kapordelis may be bringing this petition under § 2241 in an attempt to avoid the procedural requirements for bringing a successive petition under § 2255(h).

Under limited circumstances, the "savings clause" in § 2255(e) allows a federal prisoner to challenge a conviction and sentence by filing a § 2241 petition. These circumstances are present when a petitioner can show that a remedy under § 2255 "is inadequate or ineffective to test the legality of [the prisoner's] detention." *Hill*, 695 F.3d at 648; *see United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). Being barred from filing a second § 2255 petition is not, in itself, sufficient to render § 2255 an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction.

Kapordelis argues that the district court's failure to address his objections to the recusal decision of the magistrate judge deprived the district court of

jurisdiction over the proceeding and rendered § 2255 inadequate or ineffective. But this is not what is meant by "inadequate or ineffective." "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence.'" *Id.* (citing *Taylor v. Gilkey,* 314 F.3d 832, 835 (7th Cir. 2002); *In re Davenport,* 147 F.3d 605, 608 (7th Cir. 1998)). Kapordelis recognizes the applicable legal standard in his petition, but focuses only on the first part of this standard, i.e., the fact that his legal theory could not have been presented under § 2255. More is required to pursue a request for relief under § 2241.

Kapordelis must also show that the legal theory ". . . establishes the petitioner's actual innocence." *Id.* Actual innocence is established when a petitioner can "admit everything charged in [the] indictment, but the conduct no longer amount[s] to a crime under the statutes (as correctly understood)." *Kramer v. Olson*, 347 F.3d 214, 218 (7th Cir. 2003). Kapordelis does not argue, or even suggest, that the charged conduct is no longer a crime, or that he has a legal theory establishing his actual innocence which he could not have presented in his § 2255 proceeding. Instead, he attacks a single decision made in his § 2255 proceeding and reviewed countless times by the district court and court of appeals. Based on this alleged defect in the § 2255 proceeding, he then seeks another opportunity to argue seven of the twenty-three grounds for relief that he raised in the § 2255 proceeding.

Put differently, "[a] procedure for postconviction relief can be fairly termed

inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998). In order to fit within the savings clause under *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012).

However, Kapordelis' core argument is not about a defect in his conviction at all. His argument hinges on an alleged defect in his § 2255 proceeding, i.e., the district judge's alleged failure to decide a motion for recusal. In regard to that proceeding, Kapordelis now asks the Court to set aside the legal standard in *Davenport*, or expand it to: (1) authorize review of the magistrate judge's ruling on his motion to recuse; (2) find that the district court handled the challenge to that ruling improperly; and (3) allow him to re-litigate seven claims raised in the underlying § 2255 proceeding.

The Court declines Kapordelis' invitation to do so. Section 2255(e) was not inadequate or ineffective to test the legality of his conviction and sentence. In fact,

Kapordelis repeatedly, albeit unsuccessfully, placed these matters before the district court, court of appeals, and even the United States Supreme Court. Each time, he was denied the relief he sought. However, this does not render § 2255 inadequate, and the instant § 2241 petition shall be dismissed.

## Disposition

Based on the foregoing discussion, the petition is summarily **DISMISSED** with prejudice.

All pending motions (Docs. 3-4) are hereby **DENIED** as **MOOT**.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998). A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal

deadline.  It is not necessary for petitioner to obtain a certificate of appealability. *Walker v. O'Brien*, 216 F.3d at 638.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Signed this 14th day of October, 2014.

Digitally signed by
David R. Herndon
Date: 2014.10.14
11:41:24 -05'00'

**District Judge**
**United States District Court**